IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA BENDER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN | : | |
| Commissioner of Social Security | : | NO. 12-cv-2509 |

O R D E R

AND NOW, this 16th day of May 2013, upon careful and independent consideration of the administrative record, the brief in support of review filed by Plaintiff, Defendant's response thereto, and Plaintiff's reply thereto (Doc. Nos. 9, 10, & 12), and after review of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge, Plaintiff's objections thereto, and Defendant's response to Plaintiff's objections (Doc. Nos. 13, 14, & 15), it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The decision of the Commissioner is AFFIRMED and Plaintiff's Request for Review is DENIED.

3. The Clerk of Court shall close this case for statistical purposes.

A. The Chenery Rule

We briefly comment on Plaintiff's claim that the R&R's discussion of two medical reports, which are contained in the record, but not specifically referenced in the ALJ's decision, runs counter to the so-called Chenery rule. The Supreme Court in SEC v. Chenery Corporation, articulated the now well-settled principle that "[t]he grounds upon which an administrative order

1

must be judged are those upon which the record discloses that its action was based." 318 U.S. 80, 87 (1943). In other words, the reviewing court must consider only the rationale articulated by the agency in its decision. If that rationale is not adequate or proper to support the decision, the reviewing court should not substitute its own analysis. Rather, the court must reverse and remand for the agency to reconsider the rationale for its decision. See id.; see also Mayo v. Schiltgen, 921 F.2d 177, 179 (8th Cir. 1990).

In his decision, the ALJ indicated that the rationale supporting his assessment of Plaintiff's physical functional capacity (i.e., sedentary) stemmed from an analysis of the consistency of the evidence of record. (See Record, at 18). Despite Plaintiff's contention to the contrary, the Magistrate Judge did not did not set forth a differing rationale to support the ALJ's decision. On the contrary, the Magistrate Judge agrees that based on the consistency of evidence in the record, there is no support for a finding that Plaintiff lacks the physical capacity to perform sedentary work. The Magistrate Judge's brief discussion of two medical reports not specifically referenced in the ALJ's opinion may help provide clarity to that rationale, but it certainly does not substitute or counter it. For that reason, we find Plaintiff's reliance on the Chenery rule here misplaced.

B.    ALJ's Rejection of Dr. Venezia's Opinion

Plaintiff also claims that the ALJ rejected the opinion of her treating physician, Dr. Venezia, without properly relying on conflicting medical evidence. The Third Circuit held in Morales v. Apfel, that the ALJ "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." 225 F.3d 310, 317 (3d Cir. 2000) (internal quotation marks

2

omitted).

In Morales, the Third Circuit found that the ALJ's refusal to credit the opinion of the treating physician was not based on objective medical evidence, but simply because he did not believe the plaintiff's testimony at the hearing and because other non-treating physicians noted that the plaintiff appeared to be "malingering" in his examinations. Id. at 318. Here, however, the ALJ's decision to give little probative weight to Dr. Venezia's medical opinion was not based on speculative inferences or lay judgment. On the contrary, the credibility determination derived from the inconsistency of the opinion compared with the other substantial medical evidence in the record. As the Magistrate Judge articulated, not only *can* the ALJ evaluate the consistency of a medical opinion with the record when determining its credibility - it *must* evaluate the consistency. (See Doc. No. 13, at 23) (referencing 20 C.F.R. § 416.927(c)(4)).

Moreover, despite Plaintiff's contention, the holding in Morales does not require the ALJ to specifically reference a conflicting medical opinion in order to reject the credibility of Plaintiff's treating physician. Morales simply requires that the credibility decision be supported by "objective medical evidence"; it does not require the ALJ to directly contrast a conflicting medical opinion. 225 F.3d at 317 (emphasis added). Here, the objective medical evidence showed that Dr. Venezia conservatively treated Plaintiff, documented that her mood was euthmytic instead of anxious, and his notes lacked mention of ongonig panic attacks. Based upon the inconsistency between Dr. Venezia's opinion and the aforementioned medical evidence, the ALJ's decision to reject the credibility of Dr. Venezia's medical opinion was appropriate.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J

3